UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00154-TBR

CHARLES WEST                                                      PLAINTIFF

v.

PELLA CORP., INC                                              DEFENDANT

**Memorandum Opinion and Order**

This matter is before the Court upon Plaintiff Charles West's motion for leave to amend his complaint. [DN 10.] Defendant Pella Corp., Inc. has responded, [DN 12], and the time for filing a reply has passed. This matter is ripe for adjudication. For the following reasons, West's motion [DN 10] is GRANTED.

**I. Background**

Plaintiff Charles West claims that he was wrongfully discharged from his employment at Pella Corp. in Murray, Kentucky. *See* [DN 1-1.] In his original state court complaint, West alleged that Pella discriminated against him because of his age, ultimately resulting in his termination. [*Id.* at 5-6.] He also claimed that Pella interfered with his rights under the Family Medical Leave Act, 29 U.S.C. §§ 2615 *et seq.* (FMLA), and retaliated against him for his exercise of those rights. [*Id.* at 6-8.] Finally, West says that Pella discharged him for filing a lawful worker's compensation claim. [*Id.* at 8.] Pella removed West's suit to this Court and answered, denying West's allegations.

West now moves to amend his complaint to add a claim for wrongful discharge in violation of public policy. [DN 10 at 1.] In Count VI of his proposed

amended complaint, West claims that Pella terminated his employment "in retaliation for Plaintiff applying for unemployment insurance benefits, in violation of the public policy of the Commonwealth of Kentucky." [DN 10-2 at 8.] Pella opposes that motion. [DN 12.]

## II. Standard of Review

Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely allow a party to amend its pleading when justice so requires. Leave to amend is liberally granted, except where there is "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile "where it would not withstand a motion to dismiss under [Rule] 12(b)(6) for failure to state a claim." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Ultimately, the decision to grant or deny leave "is committed to [this Court's] sound discretion." *Moore v. City of Paducah*, 790 F.3d 557, 559 (6th Cir. 1989); *see also Ruschel v. Nestlé Holdings, Inc.*, 89 F. App'x 518, 521 (6th Cir. 2004).

To survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013)

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Id.* at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

## III. Discussion

West seeks leave to amend his complaint to add an additional count, wrongful discharge in violation of public policy. Ordinarily, Kentucky allows "an employer [to] discharge his at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible." *Firestone Textile Co. Div., Firestone Tire & Rubber Co. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983) (citations omitted). But Kentucky also recognizes a limited exception to that rule for terminations against public policy. *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985); *accord Hall v. Consol of Ky. Inc.*, 162 Fed.Appx. 587, 589-90 (6th Cir. 2006).

The exception is narrow: the employee's discharge must be "contrary to a fundamental and well-defined public policy as . . . evidenced by a constitutional or statutory provision." *Grzyb*, 700 S.W.2d at 401. Absent an express legislative

3

prohibition, there are "only two situations . . . where 'grounds for discharging an employee are so contrary to public policy as to be actionable.'" *Id.* at 402 (quoting *Suchodolski v. Mich. Consol. Gas Co.*, 316 N.W.2d 710, 711 (Mich. 1982)). Those situations are (1) "where the alleged reason for the discharge of the employee was the [employee's] failure or refusal to violate a law in the course of employment," and (2) "when the reason for a discharge was the employee's exercise of a right conferred by well-established legislative enactment." *Id.* (quoting *Suchodolski*, 316 N.W.2d at 711-12). The question of whether there is an actionable public-policy foundation is a matter of law for the Court to determine. *Id.* at 401.

West does not allege his discharge was explicitly prohibited by statute. Therefore, West must allege that Pella discharged him because he either refused to violate the law in the course of his employment, or because he exercised a right conferred by well-established legislative enactment. West relies on only the latter theory. In his proposed amended complaint, West avers he was terminated on January 4, 2015, and applied for unemployment insurance benefits that same day. [DN 10-2 at 3-4.] He was rehired on January 13, 2015, but then terminated a second time on February 12, 2015. [*Id.* at 4.] West claims that "[i]n response to Plaintiff's application for unemployment benefits, Defendant reinstated Plaintiff's employment and then discharged Plaintiff a second time on or about February 12, 2015, citing excessive absenteeism." [*Id.* at 8.]

Pella argues that West's proposed claim is futile because it contains no "employment-related nexus" necessary to maintain a viable wrongful termination

4

claim. *Grzyb*, 700 S.W.2d at 402. However, Pella does not seem to dispute that by applying for unemployment benefits, West "exercise[d] . . . a right conferred by a well-established legislative enactment"; here, Kentucky's unemployment benefits scheme. *Id*. Drawing all reasonable inferences in West's favor, and keeping in mind its sound discretion to grant leave to amend, this Court does believe that West's complaint plausibly alleges Pella retaliated against West for exercising his statutory right to apply for unemployment. As Pella correctly points out, in wrongful termination cases "the public policy must be defined by statute and must be directed at providing statutory protection to the worker *in his employment situation*." *Shrout v. The TFE Grp.*, 161 S.W.3d 351, 355 (Ky. Ct. App. 2005) (emphasis added). Typically, it is impossible for an employer to terminate a former employee in retaliation for seeking unemployment benefits, because the termination will have already occurred. However, under this particular set of circumstances, where Pella rehired and re-fired West in rapid succession after his application for benefits, the Court believes West has alleged "more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

Further, none of the other relevant factors weigh against allowing West to amend his complaint. *See Brumbalough*, 427 F.3d at 1001. This is West's first attempt to amend, and he satisfied this Court's deadline for doing so. *See* [DN 8.] There is no indication that West has engaged in bad faith, or that Pella will be unduly prejudiced by allowing the amendment. Mindful that this case is in its

relative infancy, the Court will allow West's claim for wrongful termination in violation of public policy to go forward.

## IV. Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED:

Plaintiff Charles West's motion for leave to amend his complaint [DN 10] is GRANTED. The Clerk is directed to FILE West's proposed amended complaint [DN 10-2] as of the date of this Order and issue summons.

CC: Counsel of Record